Good morning. Please be seated. I see counsel here in the first case. Good morning. After the first case is heard, the panel will briefly retire and will be reconstituted for the rest of the calendar with Judge Lohier replacing me. So at this time, we'll hear United States v. Graham. Good morning. Good morning, Your Honors. Thank you. Robert Culp assigned counsel for Mr. Graham. I was not involved in the trial proceedings. I cannot possibly get into all the issues I raised in my briefs, but I urge every one of them to the Court's attention. They're presented in an order of logic rather than purported strength. They're all strong, in other words. What does order of logic but not strength mean? The first points have to do with sufficiency of the evidence and validity of the charges. Then I go to fair trial issues and a post-trial motion and sentencing at the end. I just wanted to urge all of the points to you. I'm not going to get to them. The one I'd like to start with is actually point five, which is the Rule 412 issue. Rule 412 obviously serves a very laudatory purpose, but it has a tendency to collide with the defendant's rights to put on a defense and to confront witnesses. For that reason, the rule says that the government should . . . or a party making such a motion should do so two weeks before trial. In this case, it was one day before trial when this motion was made. Defense Council had to put together an opposition the night before, giving an opening statement and preparing to cross-examine witnesses. The ruling was made from the bench literally five minutes before opening statements. At A49 of my appendix, the judge . . . A motion for what? To preclude sexual history evidence. Why don't you read to me the rule that you're relying on for the requirement of a fourteen-day . . . Rule 412, Your Honor. So, 1412B is an exception to 1412A. 1412A prohibits . . . makes inadmissible certain types of evidence. 1412B is an exception that allows the party in certain circumstances to put in such evidence. That's not what was happening. Well, the government was both invoking an exception because they wanted to put the evidence in as part of their case and a preclusion. Either way, Judge, if I'm parsing this rule too closely, I still think it was very unfair for the government to do this the night before trial. You're saying you're not relying on the rule. You're not relying on the rule because the rule doesn't cover your point, but you're saying it was unfair? Yes, and also relying on the rule because the government in its motion also said, no, we get to do this. We want permission to do these following things. That's not . . . Your point is not about the thing that the government wanted to offer. Your point is that the government's motion to bar you from putting evidence of the young women's prostitution was not made 14 days before. I don't see anything in the rule that says it has to be. I'll move on from this point, Your Honor. I still think . . . Am I wrong? It was unfair. I think that's my point. So you're relying on unfairness, not on the rule. I'm relying on both, Your Honor. And you're relying on due process, I assume, as well. Sure, sure. Didn't the government enlist a testimony on its case in chief that these women had a history as prostitutes? Yes. You had an opportunity to cross-examine, so where's the harm? I mean, your argument has force, but does it have force in this case? Two points, Your Honor. Yes, they did. As to Victims 1 and Victims 3, these victims met defendant through ongoing prostitution, so the government did put it in that respect. And as to Victim 1, they put in evidence of her arrest, even though that was unrelated to Mr. Graham. What more would you want with respect to Victim 1 and Victim 3? Well, counsel in his one day to respond proffered that he had evidence of other prostitution that he was precluded. I mean, the judge's ruling basically . . . How many careers does a prostitute to somebody need in order for you to make the argument? Well, he wanted to argue two things. And one is, as a defense, he wanted to argue that if we could show other prostitution, it tends to negate the causation element of the statute. But I'd like to make a more important point, Your Honor, than that, which I emphasize in my reply brief, which is that he was also urging that he needed an opportunity to confront witnesses. As a matter of fact, in his . . . But that's a different point. That's your .4. No, .5, I think. .5, I think. So when trial counsel put together this hastily prepared response, he said, Furthermore, the defense was put on notice by letter dated January 4, 2013, that a witness has advised that Victim 1 is believed to be currently engaged in prostitution. In other words, he got a Brady letter three days before trial saying that Victim 1 is currently engaged in prostitution. Now, we know under Davis and Alaska and other Supreme Court cases that you can argue from that an inference of bias or the witness wanting to curry favor with the government. Because there's a potentiality of outstanding charges out there. And none of this he was able to go into. He also wanted to do something similar with Victim 3, but for now I'm just going to focus on Victim 1. Is prostitution a federal crime? No, but I think it's . . . I think law enforcement . . . I think people understand that law enforcement is working together. It's possible it was related to a federal crime, just like this was a federal crime. I don't know. I don't know, but the point is that he was precluded from making that kind of argument in addition to the other one that I made reference to and in addition to the ones as to Victim 3. So I do think it was unfair. Forgive me, Judge LaValle. I do think it was unfair for this to be forced into this case the day before. It sounds as though it may be unfair but may not be catastrophic, at least with respect to Victim 1 and Victim 3, because you could still argue that this is their career choice. Right, but that currying favor argument, the bias as to Victim 1, was not something that he was able to make. And he doesn't make it in this trial anywhere that I know of. When he tried to make it, because what the jury heard testimony of Victims 1 and 3 was that they were already working as prostitutes when they met Graham. So that put before the jury that there was this kind of conduct prior to their involvement with your client. And with Victim 1, they heard that she continued to work as a prostitute after leaving Graham. So I'm not sure I saw in the record, but perhaps I missed it, where you then tried, or your predecessor counsel, tried to question them about motive and how that was cut off. Did I miss something? I don't think he tried. All right. So I'm not sure that you have a valid argument. You had the factual basis for it. Now, if you had tried to argue you're concerned about being charged with that conduct or whatever cross-examination you wanted to conduct, and it was cut off, then we'd hear your argument. But I'm not sure why we should assume you were precluded from doing it when you had a factual basis and didn't. Well, the judge's ruling is pretty expansive. He precluded prostitution after the period of the indictment and before. So even though he had this Brady letter, and during, even though he had this Brady letter that said that Victim 1 . . . This got into . . . but the general fact was before the jury. The general fact. But I think it's pretty compelling when you've got a witness on the stand and you can't cross-examine her based on potential law enforcement violations that the government knows about that was in a Brady letter going on at the time that she is sitting in the witness stand. I think that's pretty compelling cross-examination that this ruling precluded. Could you briefly address the impact of this, if any, with respect to Victim 2? Because I think we've all been talking about Victim 1 and Victim 3. I don't think . . . Victim 3, of course, is just underage. On the 412 issue, Your Honor, I don't think Victim 2 comes into play. That's my understanding. I made my argument in the briefs on Victim 3. If I could turn to something very quickly. Go ahead. First of all, I want to say that the sandbagging that I've described is also relevant to the new trial motion. Because Graham said that he would have taken a plea if he had known that this kind of evidence can't come in. He's criticized for not saying . . . Once he finds out that the plea came in, for not saying . . . I'm sorry, that the evidence was coming in, for not saying . . . But the ruling was made literally five minutes before opening statement. I think that's an unfair criticism. If I could jump to something totally different, if you don't mind. I see the red light is on. Go ahead. There's a lot of issues in this case. We're not going to get to all of them, but they're all in your brief. Right. On Victim 3, I just want to focus on her for a moment. You know that there's special verdicts in this case. There's three counts. There's actually eight special verdicts. In her case, there's 3A and there's 3B. 3B is this venture argument that's in the statute. I argue in my briefs that there's no proof of a venture here. There's no business partner of Graham. The government suggests, well, maybe he could have been in a venture with the victims themselves. I don't think legally that's possible. I really think that 3B was not proven by sufficient evidence. Did the government have to? I mean, if they proved their case under 3A? I'm getting to 3A. 3A has a different flaw. 3A is the constructive amendment where the government . . . It was not in the indictment, this theory of observation, which this court has pointed out in the Robinson case, is a strict liability theory for victims who are under eighteen that you no longer need to show under this alternate theory that the defendant either knew or recklessly disregarded that the victim was under eighteen. You can just show an opportunity to observe. This was not in the indictment. I think a strict liability theory, if there's anything that constructively amends an indictment, is the introduction of a strict liability theory. I've cited recent cases from the Fifth and Ninth Circuit cases where they agree that that is constructive amendment of the indictment. I'm almost done, Judge Jacobs. I promise. I've given you, I think, two very strong arguments why both aspects of Victim 3's conviction are invalid. I just want to point out that I think it would be a mistake . . . Suppose the court, hypothetically, were to focus on that count only and to vacate that count. I think it would be very important to remand for the possibility of retrial on that count, but also resentencing as to all counts based on that. Now, I want to point out that Judge Arcaro, when he sentenced my client, he gave him fifteen, which is the minimum on count one, made that consecutive to fifteen on count two for a total of thirty. Then he ran count three for ten concurrent. Now, you might conclude from that that count three was like a throwaway, but I think that would be a mistake to assume that that was his thinking, because if you read the sentencing comments . . . Victim 2 was underage as well. Right. Two and three were underage. I think it would be a mistake to assume that three didn't matter to him or that it's not significant. He blasts Mr. Graham at sentencing for that just as much as the other things, and so I think it would be important for there to be resentencing on all counts if that was it. You have reserved rebuttal? Thank you. We'll hear you then. Good morning, Your Honors. May it please the Court, Counsel. My name is Tiffany Lee, and I'm here on behalf of the government. To address Counsel's Rule 412 motion, I believe that we were well-stead to have a motion in limine to invoke . . . or ask for a decision under Rule 412 as a rule of evidence for the trial court to evaluate whether or not pre or post instances of prostitution would be discussed. Do you think that that motion was reasonably timely, putting aside what regulations or rules may say? Because if you do it like the day before, you're going to upend, and you would know that you would upend the dominant defense available to the defendant, maybe no other defense. We believe that it was reasonable. It was prior to the victim's testifying, and the reality is, Your Honor, they were permitted to testify as to how they met Mr. Graham. For a couple of those victims, they met them while they were prostituting. Was there any inhibition on cross-examination of that testimony? I don't believe that there was. I believe that Defense Counsel had ample opportunity to address the fact that they were working, for example, with Victim 1, that she was already working as a prostitute. That's indeed how . . . You elicited that yourself? Pardon? You elicited that fact yourself? No. I was not the . . . I mean, you as the governor. You as the governor. We did. We elicited that the circumstances in which Victim 1 met Mr. Graham was she was posting herself on Backpage.com. That's already in evidence, and she . . . Was there anything that prevented the defendant from bringing that out, including that you elicited, bringing it out himself on cross-examination? Absolutely not. Or arguing it on summation? Absolutely not. They had ample opportunity to address the fact that . . . Now, with respect to the argument that your motion was made late and untimely in a manner that prejudiced the defendant, apart from whether fourteen days was applicable, which I think under the rule it wasn't, but if it was in the sense of being late and a surprise just before trial. Did the defendant request an adjournment or additional time or some kind of a delay in the trial in order to be able to prepare for what was new as a result of your late motion? No. The defense counsel filed a response and argued as we would anticipate that he would argue that he should be allowed to be permitted to admit that evidence, that there were factors in terms of weighing relevancy and prejudice that he felt inured to his favor, and that's why he felt that the evidence that they needed to address included post- and pre-conduct prostitution activities on behalf of the victim. Did the defendant argue that the motion should be denied because of the timing factor? No. That was not raised. Did the government's motion disclose that the government would in any event bring out the victim's conduct on direct examination? I don't recall. I don't recall in my review of the documents if that was there. That may or may not have been there, but the fact remains, Your Honor, is the government provided all the information relating to our victims, including the evidence that they were engaged in prostitution or had been engaged in prostitution. With respect to as soon as the government found out that one of the victims was still there, they discharged our obligations and provided that evidence. Your adversary used the word sandbagging, which is arguably a fighting word. It is a fighting word. But it sounds like he was sandbagged. No, he wasn't. He simply wasn't. He had all the information with respect to who these victims were that were going to be testified. Yes, but he didn't know who they were, and he knew what they did, but he didn't know the extent to which he'd be able to introduce that information or bring it to the attention of the jury. Your Honor, he was not sandbagged at all. This was . . . The motion was filed. We wanted to protect our victims. When? The motion was filed . . . On the date of, I believe . . . Well, how much before the opening statements? I don't recall exactly. No. I think it was either the day before or the day of. It may have been the day before, but that is not sandbagging, Your Honor. I mean, this is days before our victims are testifying. We were just trying to submit a motion in limine. At that juncture, there were issues raised of sandbagging, and at that juncture, there was a motion that the defendant need more time because of what he raised after the trial, which was his whole idea that, oh, well, had I but known, I would have taken the ten, twelve-year deal. None of that came up when the government filed its motion. It's not as if . . . I don't really understand. One of the statutory issues, one of the elements that the need of the government to show that the defendant used force or coercion to cause the victim to engage in commercial sex. Is that right? That is true with respect to that deal. If you need to prove that the defendant used force to cause the victim to engage in commercial sex, how can it be appropriate to bar the defense from bringing out that the victims were engaging in commercial sex before they ever heard or saw the defendant? But that was brought out with respect to . . . Yeah, I know, but brought out to the extent you wanted it brought out, but that's obviously a very important point. It seems to me one of the obvious things that the defendant would want to argue. The government is saying that I used force to cause them to engage in commercial sex. They've been engaging in commercial sex since they were twelve years old or whatever. I don't understand how it can be appropriate when that's an issue in the case to bar the evidence of prior commercial sex on the part of the victims. Because the coercion doesn't necessarily occur just regardless of what the victim may have done in the past. Whether or not the victim was prostituting themselves, was prostitution voluntarily, it doesn't change the fact of during the victim's relationship with the defendant . . . It doesn't include it, but it goes to the likelihood that it was coerced. Not necessarily, Your Honor. Maybe not necessarily, but all of those possibilities suggest that the jury should get to decide rather than you precluding them from hearing it. You're taking the view that this was irrelevant, indeed possibly prejudicial. We're suggesting to you that the fact that someone has been a prostitute for an extended period of time is pertinent at least to whether or not their prostitution with the defendant was coerced or voluntary. And I'm not sure you can argue that it's not a pertinent factor. I can argue it's a pertinent factor, Your Honor, but again this is . . . So on what theory does it get excluded? The theory it gets excluded is because of the fact that it becomes problematic when the focus becomes on the prior sexual acts, on the prior acts of prostitution, and it will confuse the jury. We have the burden of proving beyond a reasonable doubt that it was the defendant who recruited, enticed, provided, maintained, and obtained the victim, knowing and in reckless disregard of their age, and knowing and in reckless disregard of the fact that forced fraud or coercion would be used in order to cause a victim to engage in prostitution. When you prosecute someone for drug dealing and the defendant raises the defense of entrapment and he says, the government got me into this drug deal. I didn't want to do it. The government got me into it. Don't you then put in evidence of the defendant's prior drug dealing before the government did what the defendant claimed is entrapment? Because that's what . . . Because it's a perfectly logical thing to do. That's the standard of law in order to establish whether or not there's propensity in order to escape . . . not escape, but in order to preclude any allegation of entrapment. When the defendant is accused of having used force or coercion in order to cause someone to engage in prostitution, why isn't it the perfectly logical thing to do to say, well, I didn't cause her to engage in prostitution. She's been engaging in prostitution for most of the time she's been alive. Why isn't that a perfectly sensible, logical response to the particular elements that you need to prove? It may be logical, but the rule . . . Basically, this is a rule of evidence, and this is a rule of evidence in which the trial judge has the discretion to evaluate what the facts are, to evaluate whether or not it is applicable under the circumstances. There was case law in other sex trafficking cases in which Rule 12 was invoked to preclude pre and post conduct activity. In this case, as to the defendant, he was allowed . . . He was allowed to engage in prostitution,    So, the fact that he was allowed to engage in sexual activity in the context of a victim's sexual activity don't very often have this element of where the defendant is charged with using force to cause them to do it, which makes it highly relevant, whether they engaged in commercial sex previously. But the other prong of the sex trafficking statute, Your Honor, deals with age. So, the way that works is someone is enticing, recruiting, maintaining, obtaining, providing a victim . . . Victim one is of age. She is of age. Isn't the logic of your argument that the disclosure in such a case that the victims were career prostitutes would not even be Brady material? If it's irrelevant, why would you have to disclose it? We were just discharging our obligations under Brady for any type of material. I think we categorize it as Brady. You were suggesting that it's irrelevant. I'm not saying it's irrelevant, Your Honor. I'm just saying that for the purposes of whether or not that testimony should be admitted, in Rule 412 evaluation, the issue is the victim's prior sexual conduct or misconduct or whatever. Under these circumstances, we made the argument that we felt that it was not . . . on balancing relevance with prejudicial value, that it was not . . . that the equation didn't fit as to post or all the pre-conduct prostitution. I know that the government's time is up, but I'd like to ask about the 3509 ruling. Yes. The district court specifically failed or specifically chose not to make a finding of trauma. I'm curious as to how you think that you can exclude a witness on the findings that were made here when the Supreme Court in Craig, which I know is pre-3509, did suggest that there had to be a finding of substantial likelihood of emotional trauma. And there doesn't seem to be, even in the record that you've put before us, the expert report that you say justifies this witness not testifying in open court. Your Honor, our argument is that the district court went through and made a determination under 3509 which talks about any one of those factors being sufficient in order to allow testimony by a minor victim through closed circuit. And . . . This is a 17-year-old who had, you know, lived a pretty hard life on the streets. What is the basis to think that she presented fear? Ironically, the week this case was supposed to be argued, there was another case before us in which a 10-year-old who was a completely innocent victim testified in open court. What was it about this victim that created exceptional circumstances? That's what Giganti says is needed. This should not be a commonplace substitute for in-court testimony. What was the need here for this witness to testify by closed circuit? The victim had expressed fear in terms of testifying before the defendant, Kenneth Graham. And I was not part of . . . Nevertheless, you're here to defend it. This is a challenge by the defendant. Based on what? You haven't put the psychiatrist's report into the record on appeal. So, it's based on . . . The district court stated it was based on his own observation of the victim's testimony. And secondly, it was based on that psychiatric assessment, which we are more than happy to provide to the court on appeal. Well, as I said, you're here. Presumably, you've seen it. What does it say? I have not seen it. I have not . . . So, you're here to defend something based on a psychiatrist's report that you haven't bothered to look at. I admit that I did not have the opportunity to see the psychiatric evaluation. To what level does the fear have to rise to satisfy the constitutional concerns identified in Craig? I ask this because I would assume any number of people who've testified against mobsters, though not juveniles, have the same kind of general fear that was expressed by this witness. Why is that enough to exclude her? There was no finding that this would be a traumatic experience for her. Your Honor, the statute speaks of fear. And I . . . But is that sufficient under Craig? I understand what you're saying, that there needs to be a higher, I guess, particularization of fear. Craig suggested that it has to be . . . The ultimate finding has to be it's necessary to protect the welfare of the particular child, that we have to have an emotional distress that's more than de minimis. And the government submits that the trial judge, upon the voir dire of the victim . . . And again, I agree. I should have reviewed or tried to get a copy of the psychiatric assessment. But based on his review of those two factors, he felt that there was sufficient evidence with respect to . . . What the findings were was that she would be unlikely to testify because of fear. She appeared extremely nervous and uncomfortable and had difficulty verbalizing answers. But that's true of many witnesses. Is there something I'm missing? Again, without having been part of that hearing, I don't know what physically the victim would have expressed or what the trial judge saw. But he did base his findings on his own observations in addition to the testimony and in addition to his pointing out of the psychiatric assessment that pointed to the victim having a particularized fear of this particular defendant. Thank you. We'll hear rebuttal. Just on that last point, the most she said was that he's not a very good man. I don't know. I just know by being next to him, he's very sneaky and he plots some plans a lot, I guess you could say. That was about as much as she could say during that voir dire about her fear. I don't think that was specific enough. I've also argued that with respect to the psychiatric assessment, that I didn't find it appropriate that the judge invoked that when he wasn't invoking the provision, the statute that relates to having the expert testify. I describe it as a bit of an end run. Maybe I should give up on some of my metaphors today, but I don't think . . . She didn't state specifically a ground for fear and I didn't think it was fair for the judge to then say, well, I'm going to also use the expert even though I'm not using the expert on the other ground. On the 412 thing, I probably made my points already, but someone asked in what way counsel was inhibited and I tried to emphasis inhibited in terms of confronting witnesses and possibly the bias motivation, but also just in terms of the . . . With respect to 412 . . . Pause it, sorry. With respect to 412, the circumstance that you would seek to bring out was brought out perhaps in a sanitized form by the government, but counsel was free to cross-examine and no objection was made at the time that there should be an adjournment that the entire defense had been overturned. Your argument has an abstract appeal. It just seems to lack appeal with respect to the particular circumstances of this case. I wish he had asked for additional time. He did say in his papers and I believe at the oral argument too that this is undermining the defense here and he made very strong references to the Fifth and Sixth Amendments and so forth. He should have said, Judge, I need more time too. You say you wish he had asked for more time. What you mean is you wish he had asked for more time and that it had been denied. Well, we appellate lawyers always have that sort of twisted view. He'd ask for more time if he had made the argument you're making. Hey, we're being sandbagged here. We're surprised. We need more time. Judge said, absolutely right. I give you more time. You wouldn't have much argument. I think that would have been best for all Judge LaValle. But you didn't ask for it. He didn't. He didn't ask for more time. He didn't. I know it's not you. I think this was unfair to Judge Arcaro too. The sandbagging, as I described it, is he had to deal with this on the morning of a trial that had been set I think for quite some time. And I'd like to point out that in my opinion if you compare his ruling from the bench it's on A49 of my appendix with his, remember he did a post-trial ruling also where he explained in some more detail. There's a discrepancy here. I mean, they're similar in the sense that the post-indictment and pre-indictment time periods are out. But in terms of during the indictment it's very murky. In the post-trial decision he makes it sound like the defendant could have gone into anything during the period of time. Anything. And by the way, I think he was prejudiced because he couldn't get into the causation issue and get into other relationships with other pimps and things like that. But leaving that aside, when he ruled from the bench he said the court grants the government's motion to permit the introduction of evidence of sexual behavior and prostitution by the victims during the time period charged in the indictment as related to this defendant. That's the government's motion. However, a defendant is prohibited from introducing evidence of eliciting testimony that the victims engage in acts of prostitution not related to their relationship with the defendant for the purpose of demonstrating their propensity to engage in prostitution Rule 403. Now you can parse that but I think a reasonable person hearing that was saying I can't do this at all unless I'm responding to what the government decides to put in. The government controls. If they want to put something in I can respond. I can't put in anything. Prior relationship with another pimp prior... And so I think I'm not saying Judge Arcaro was involved in the sandbagging. I think he was a victim of the sandbagging also. Thank you. Thank you both. We will reserve decision. At this time we will briefly adjourn for a minimum of seven minutes. Thank you.